IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME VERNON SMITH,

      Plaintiff,                    No. 2:13-cv-1264-KJM-EFB PS

    vs.

CITRUS HEIGHTS WATER DISTRICT, as part of the SAN JUAN WATER DISTRICT,

      Defendant.                 <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

        Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that he has suffered a "personal injury resulting from exposure to excess amounts of Radon 222 and Hexavalent Chromium present in the water supply in Citrus Heights, California while residing [there] from 2006-2011 and for the past year." Dckt. No. 1 at 1. Therefore plaintiff requests that defendant "pay [him] the partial established liability of $50,000,000 pursuant to [42 U.S.C. §] 9607(c)(1)(C)." *Id.*

It appears from plaintiff's complaint that the purported basis for this court's subject matter jurisdiction is his claim for damages under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq*.[1] However, the Supreme Court has held that private damages are unavailable under CERCLA. Specifically, the Court noted that "Superfund money [is not] available to compensate private parties for economic harms that result from hazardous substance releases. Rather, it seeks to facilitate government cleanup of hazardous waste discharges and prevention of future releases." *Exxon Corp. v. Hunt*, 475 U.S. 355, 359-60 (1986), *superseded by statute on other grounds as stated in Manor Care, Inc. v. Yaskin*, 950 F.2d 122, 125 (3d Cir. 1991). "Superfund money may be used to reimburse

---

[1] Plaintiff does not allege that he is seeking to recover costs incurred in his response to a release or threatened release of any hazardous substance, as provided in CERCLA § 107(a), 42 U.S.C. § 9607(a), nor does he seek contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f), for amounts plaintiff incurred as a result of a release. Nor does plaintiff purport to allege a claim under the Federal Water Pollution Control Act Amendments of 1972 (Clean Water Act), §§ 101 *et seq.*, 33 U.S.C.A. §§ 1251 *et seq*.

1  private parties only for their cleanup activities that are expressly authorized by the Federal
2  Government [and] may not be used to pay for injury to persons or property caused by hazardous
3  wastes, except for payment to the Federal and State Governments for their natural resource
4  losses." *Id.* at 360.  Therefore, plaintiff's CERCLA claim – and this action – must be dismissed.
5  However, plaintiff will be granted leave to file an amended complaint, if plaintiff can
6  allege a cognizable legal theory against a proper defendant and sufficient facts in support of that
7  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
8  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
9  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
10 shall clearly set forth the allegations against defendant and shall specify a basis for this court's
11 subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered
12 paragraphs, each limited as far as practicable to a single set of circumstances," as required by
13 Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line
14 numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and
15 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged
16 and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and
17 must plead clear facts that support each claim under each header.
18 Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
19 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
20 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
21 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
22 plaintiff files an amended complaint, the original no longer serves any function in the case.
23 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
24 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
25 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
26 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

4

comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5