IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME VERNON SMITH,

        Plaintiff,                       No. 2:13-cv-1264-KJM-EFB PS

    vs.

CITRUS HEIGHTS WATER DISTRICT,
as part of the SAN JUAN WATER
DISTRICT,

        Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 10, 2013, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3. The order noted that although the purported basis for this court's subject matter jurisdiction was/is his claim for damages under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.*, private damages are unavailable under CERCLA. *Id.* at 3-4. Therefore, plaintiff's CERCLA claim and his complaint were dismissed. Plaintiff was granted leave to file an amended complaint if he could allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Id.* at 4.

Plaintiff filed a "statement" on July 9, 2013,[1] ECF No. 4, and then an amended complaint on July 30, 2013, ECF No. 6.[2] The court will construe each of plaintiff's filings as a purported amended complaint. However, neither of the filings states a cognizable claim or a basis for this court's jurisdiction. Accordingly, as discussed below, it is recommended that those filings be dismissed without further leave to amend.

As noted in the July 10, 2013 order, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

---

[1] The statement was not referenced in this court's July 10, 2013 order since it had not yet appeared on the docket at the time that order was issued.

[2] Also on July 30, 2013, plaintiff filed a motion for a limitless credit card through the Federal Reserve. ECF No. 7. However, because plaintiff has not shown he is entitled to such relief, that request should be denied.

8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's purported amended complaints are nearly incomprehensible. *See generally* ECF Nos. 4, 6. Neither of the filings alleges any facts that would support a cognizable legal claim or a basis for this court's jurisdiction. Nor do they cure any of the defects addressed in the July 10, 2013 order. *See* ECF No. 3 at 3-4. Because further amendment would be futile, the purported amended complaints should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's purported amended complaints, ECF Nos. 4 and 6, be dismissed without leave to amend;

2.   Plaintiff's motion for a limitless credit card through the Federal Reserve, ECF No. 7, be denied; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4